# EXHIBIT A

*State Court Pleadings*

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF FLORENCE )

CATHERINE B. NEWKIRK ) CIVIL ACTION COVERSHEET
Plaintiff(s) )
) 2013-CP - 21- 1077
vs. )

JAMES B. ENZOR, individually and as an employee and agent of the South Carolina Department of Public Safety; SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY,
Defendant(s) )

(Please Print)
Submitted By: James T. McBratney, Jr.
Address: P.O. Box 3890
Florence, SC 29502

SC Bar #: 3716
Telephone #: 843-662-8155
Fax #: 843-662-1144
Other:
E-mail: james@mcbratneylawfirmpa.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (*Check all that apply*)

**If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint. ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☒ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |
| | | | ☐ Other (999) |

Special/Complex /Other

| | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) |
| ☐ Other (699) | ☐ Sexual Predator (510) |

Submitting Party Signature: [signature] Date: 4-23-13

CERTIFIED A TRUE COPY CLERK OF COURT FLORENCE COUNTY S.C.

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**FOR MANDATED ADR COUNTIES ONLY**

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note: **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )
)
COUNTY OF FLORENCE )

IN THE COURT OF COMMON PLEAS
TWELFTH JUDICIAL CIRCUIT
CASE NO.: 2013-CP-21-

Catherine B. Newkirk,

Plaintiff,

v.

James B. Enzor, individually and as an employee and agent of the South Carolina Department of Public Safety; South Carolina Department of Public Safety,

Defendants

**SUMMONS**
**(Jury Trial Demanded)**

2013 APR 24 PM 12:59
CONNIE [illegible]
FLORENCE [illegible]

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office at 300 Rainbow Drive, Suite 207, Executive Park, Florence, South Carolina 29502, within thirty (30) days {thirty-five (35) days if served by certified mail} after the service hereof, exclusive of the day of such service and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Dated at Florence, South Carolina, this 23 day of April, 2013

James T. McBratney, Jr.
J. Thomas McBratney, III
Attorneys for the Plaintiff
MCBRATNEY LAW FIRM, P.A.
PO Box 3890
Florence, South Carolina 29502
(843) 662-8155

Florence, South Carolina

April 23 2013

CERTIFIED: A TRUE COPY
Connie Reel Shearin
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE | ) | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br>CASE NO.: 2013-CP-21- 1077 |
| Catherine B. Newkirk,<br><br>Plaintiff,<br><br>v.<br><br>James B. Enzor, individually and as an employee and agent of the South Carolina Department of Public Safety; South Carolina Department of Public Safety,<br><br>Defendants. | ) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

2013 APR 24 PM 12:59

Comes now the Plaintiff, Catherine B. Newkirk, and files this Complaint for damages against the Defendants named above, showing the court as follows:

## PARTIES

1. Plaintiff, Catherine B. Newkirk, hereinafter "Plaintiff" or "Newkirk", is, and was at all times relevant herein a resident of Duplin County, North Carolina.

2. Upon information and belief, Defendant, James B. Enzor, hereinafter "Enzor", is and at all times relevant herein was a resident of Florence County, South Carolina and at all times relevant to this action Defendant Enzor was a duly appointed and acting officer of the South Carolina Highway Patrol employed by the Defendant, South Carolina Department of Public Safety. As such, Defendant was a duly appointed agent authorized to enforce the laws of the State of South Carolina, and was so acting under the color of the law of South Carolina at all times relevant herein.

3. Defendant, South Carolina Department of Public Safety, hereinafter "Department of Public Safety" is, and was at all times relevant an agency of the State of South Carolina.

CERTIFIED: A TRUE COPY
[signature]
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based on Article V of the South Carolina Constitution and S.C. Code Ann. § 15-77-50.

5. Venue is appropriate in Florence, South Carolina as a substantial portion of the conduct alleged herein took place in Florence County, South Carolina.

6. On or about October 14, 2012, the Plaintiff was the driver of a 2009 black Cadillac Escalade traveling on a public highway known as Interstate 95 headed north with her husband, Jerome Newkirk, at or near the City of Florence, South Carolina at Mile Marker 171.

7. As Plaintiff traveled in the northbound lane of I-95, she travelled through a construction zone area and was in a line of three or four other vehicles all travelling at the same rate of speed when she noticed that she was being followed by a South Carolina Highway Patrol automobile with his blue lights activated.

8. In response to the patrol vehicle's blue lights, the Plaintiff pulled over to the safety lane of I-95.

9. Defendant Enzor approached the Plaintiff's vehicle on the passenger's side, and requested the Plaintiff's driver license and registration information. Defendant Enzor returned to his vehicle and then shortly thereafter returned to the Plaintiff's vehicle and advised her that she was traveling at 77 mph in a 55 mph zone and that he was going to ticket her for speeding. Plaintiff stated to Defendant Enzor after being handed the ticket that she felt she was the subject of discrimination whereupon Defendant Enzor snatched the ticket from the Plaintiff and commanded that she exit the vehicle.

10. The Plaintiff complied with the officer's command and exited the vehicle but as the Plaintiff approached the rear of her vehicle, Defendant Enzor began pointing his finger and shouting at the Plaintiff in a loud, abusive, and discourteous manner. He grabbed the Plaintiff then advised her that she was under arrest and proceeded to manhandle her, placing her in handcuffs.

11. As this confrontation between the Plaintiff and Defendant Enzor was occurring, the Plaintiff's husband exited the vehicle, and walked to the rear of the vehicle to inquire about the events taking place. The Plaintiff's husband stated to Defendant Enzor that his actions were not necessary.

12. Defendant Enzor commanded the Plaintiff's husband to return to the vehicle and advised that he was under arrest also.

13. During the course of the arrest, the Plaintiff fell to the ground as a result of Defendant's Enzor's physical manhandling of the Plaintiff, causing her further injuries to her body.

14. Defendant Enzor used excessive force and conducted an unlawful arrest of Plaintiff, both actions in violation of 42 U.S.C. § 1983. Defendant Enzor engaged in an improper and unlawful course of conduct with respect to his unlawful arrest of Plaintiff and his use of brutal and excessive force in the detention and arrest of the Plaintiff. As a result, Plaintiff's civil rights have been violated and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms, wrist, shoulder, and hip, tremendous pain, mental anguish, emotional distress, humiliation, loss of wages, substantial medical and other expenses, and she has been prevented from transacting her usual business.

15. Following initial reports of Defendant Enzor's conduct, the S.C. Department of Public Safety conducted an internal investigation of the traffic stop and arrest of the Plaintiff and found that Defendant Enzor's conduct warranted discipline including a demotion in rank.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C.A. § 1983 as to Defendant James B. Enzor)**

16. Plaintiff re-alleges paragraphs 1-15 as if restated herein verbatim.

17. The above described actions subjected Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States, including the right to be free from unlawful arrest and the use of excessive force under the 4th , 5th, and 14th Amendments to the United States Constitution.

18. The use of excessive force against the Plaintiff and Plaintiff's unlawful arrest were made under the color of authority of Defendant Enzor as a law enforcement officer for the South Carolina Highway Patrol and an employee of the Department of Public Safety.

19. As a direct and proximate result of the above mentioned unconstitutional acts of Defendant Enzor, Plaintiff's civil rights were violated and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms, wrist, shoulder, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, lost wages, and she has been prevented from transacting her usual business.

20. Plaintiff is entitled to compensatory damages, attorney's fees, and costs in an amount to be determined by the trier of fact and punitive damages in an amount sufficient to deter similar conduct by this Defendant and others.

**FOR A SECOND CAUSE OF ACTION**
**(Assault as to Defendant South Carolina Department of Public Safety)**

21. Plaintiff re-alleges paragraphs 1-20 as if restated herein verbatim.

22. By and through Defendant Enzor's threat of use of excessive force and the detention and/or arrest of Plaintiff, Plaintiff was placed in reasonable fear of bodily harm.

23. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

24. As a direct and proximate result of Defendant Enzor's threatening conduct, Plaintiff has been injured and suffered damages.

25. Plaintiff is entitled to compensatory damages from Defendant Department of Public Safety in an amount to be determined by the trier of fact..

**FOR A THIRD CAUSE OF ACTION**
**(Battery as to Defendant South Carolina Department of Public Safety)**

26. Plaintiff re-alleges paragraph 1-25 as if restated herein verbatim.

27. By and through Defendant Enzor's infliction of unreasonable, unlawful, unauthorized, and excessive violence on the person of the Plaintiff, Plaintiff has been battered.

28. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

29. As a direct and proximate result of Defendant Enzor's battery of the Plaintiff, Plaintiff's civil rights were violated, and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms, wrist, shoulders, and hip, swelling,

tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, loss of wages, and has been prevented from transacting her usual business.

30. Plaintiff is entitled to compensatory damages from Defendant Department of Public Safety in an amount to be determined by the trier of fact.

**FOR A FOURTH CAUSE OF ACTION**
**(Negligence/Gross Negligence/Recklessness**
**as to Defendant South Carolina Department of Public Safety)**

31. Plaintiff re-alleges paragraphs 1-30 as if stated herein verbatim.

32. Defendant Enzor owed a duty of reasonable care to Plaintiff and was negligent, grossly negligent, reckless, willful, and or wanton in his conduct herein referenced and said Defendant breached his duty of care owed to Plaintiff by his unlawful arrest and use of brutal and excessive force against Plaintiff.

33. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

34. As a direct and proximate cause of the negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of Defendant Enzor, as set forth above, Plaintiff's civil rights were violated, and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms,wrist, shoulders, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, lost wages, and she has been prevented from transacting her usual business.

35. Plaintiff is entitled to compensatory damages from Defendant Department of Public Safety in an amount to be determined by the trier of fact.

**FOR A FIFTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress/Outrage as to Defendant South Carolina Department of Public Safety)**

36. Plaintiff re-alleges paragraphs 1-35 as if stated herein verbatim.

37. By and through the conduct alleged above, Defendant intentionally and/or recklessly inflicted severe emotional distress on the Plaintiff or was certain or substantially certain that such distress would result from his conduct.

38. Defendant Enzor's conduct was so extreme and outrageous that it exceeds all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

39. The actions of Defendant Enzor caused the Plaintiff emotional distress and the emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

40. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

41. As a direct and proximate result of the outrageous conduct of the Defendant, Plaintiff's civil rights were violated, and she has suffered significant physical injuries and damages, including but not limited to, severe bruising to her wrist, arms, shoulder, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, lost wages, and she has been prevented from transacting her usual business.

42. Plaintiff is entitled to a judgment Defendant Department of Public Safety for compensatory damages in an amount to be determined by the trier of fact.

FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution as to Defendant South Carolina Department of Public Safety)

43. Plaintiff re-alleges paragraphs 1-42 as if restated herein verbatim.

44. Defendant Enzor maliciously instituted and continued criminal proceedings against the Plaintiff without probable cause.

45. The criminal proceedings were terminated in Plaintiff's favor and under circumstances consistent or implicit with her innocence.

46. Defendant was malicious in instituting and continuing such criminal proceedings against Plaintiff.

47. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

48. As a direct and proximate result of the malicious prosecution of the Plaintiff by Defendant Enzor, Plaintiff's civil rights were violated, and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her wrist, arms, shoulders, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation substantial medical and other expenses, lost wages, and she has prevented from transacting her usual business.

49. Plaintiff is entitled to a judgment against Defendant Department of Public Safety for compensatory damages in an amount to be determined by the trier of fact.

FOR A SEVENTH CAUSE OF ACTION
(False Imprisonment as to Defendant South Carolina Department of Public Safety)

50. Plaintiff re-alleges paragraphs 1-49 as if restated herein verbatim.

51. Based on an unlawful arrest, Plaintiff was restrained and detained by Defendant and deprived of her personal liberty, all without probable cause.

52. Defendant Enzor continued to unlawfully restrain and detain Plaintiff by failing to property remit arrest information and bond paperwork to the Florence County Detention Center in a timely manner, thus delaying Plaintiff's release from imprisonment.

53. This restraint was intentional and unlawful.

54. Defendant South Carolina Department of Public Safety is vicariously liable pursuant to the doctrine of respondeat superior for the conduct of its employee or agent, Defendant Enzor, as Defendant Enzor's conduct was committed during and in the course and scope of his employment and official duties with Defendant South Carolina Department of Public Safety.

55. As a direct and proximate result of Defendant Enzor's action, Plaintiff's civil rights were violated and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms, wrist, shoulders, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, and she has lost wages and she has been prevented from transacting her usual business.

56. Plaintiff is entitled to a judgment against Defendant Department of Public Safety for compensatory damages in an amount to be determined by a jury.

**FOR AN EIGHTH CAUSE OF ACTION**
**(Negligent Supervision/Training**
**as to Defendant South Carolina Department of Public Safety)**

57. Plaintiff re-alleges paragraphs 1-56 as if restated herein verbatim.

58. As an agency of the State of South Carolina and Defendant Enzor's employer, Defendant, Department of Public Safety has a duty of care to Plaintiff and the general public to adequately

and sufficiently train and supervise its law enforcement employees in the proper and constitutional methods of law enforcement.

59. At all times relevant herein, Defendant Enzor acted in his capacity as a South Carolina Highway Patrolman, under the control of Defendant, Department of Public Safety, and was using the property of Defendant, Department of Public Safety, in his use of excessive force against and unlawful arrest of Plaintiff.

60. As Defendant Enzor's employer, Department of Public Safety, had the ability to control Enzor's conduct and knew or should have known of the necessity and opportunity for exercising control over Enzor's conduct.

61. Defendant, Department of Public Safety, either: 1) knew or should have known of the unfitness of its agent or employee, Defendant Enzor, and yet employed him or continued to employ him, failed to adequately train and/or supervise him regarding the proper and constitutional methods of law enforcement, and/or used his services without proper instruction with a reckless disregard of the rights of the plaintiff; 2) authorized the wrongful conduct of Defendant Enzor; or 3) ratified the wrongful conduct of Defendant Enzor; and said wrongful acts of Defendant Enzor were calculated to and did benefit the Defendant, Department of Public Safety.

62. As a direct and proximate cause of the above mentioned carelessness and/or negligence of Defendant, Department of Public Safety, Plaintiff's civil rights were violated, and she has suffered significant physical injuries and damages, including, but not limited to, severe bruising to her arms, wrist, shoulders, and hip, swelling, tremendous pain, mental anguish, emotional distress, humiliation, substantial medical and other expenses, and she has lost wages and she has been prevented from transacting her usual business.

63. Plaintiff is entitled to a judgment against Defendant Department of Public Safety for compensatory damages in an amount to be determined by a jury.

**WHEREFORE**, The Plaintiff prays for actual, compensatory, punitive damages against the Defendants for the acts and omissions alleged herein, for judgment against the Defendants, for attorney's fees, costs, and interest where allowed by law, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

James T. McBratney, Jr.
J. Thomas McBratney, III
Attorneys for the Plaintiff
MCBRATNEY LAW FIRM
P.O. Box 3890
Florence, SC 29502
T - (843) 662-8155
F – (843)-662-1144
james@mcbratneylawfirmpa.com

Florence, South Carolina
April 23 2013