IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Civil Action No. 4:13-cv-1635-RBH-KDW

| | |
|---|---|
| Catherine B. Newkirk,        ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.                           ) | **ANSWER OF DEFENDANT SOUTH CAROLINA** |
| ) | **DEPARTMENT OF PUBLIC SAFETY TO LOCAL** |
| James B. Enzor, individually and as an ) | **RULE 26.03 INTERROGATORIES** |
| officer of the South Carolina Highway ) | |
| Patrol, and the South Carolina Department ) | |
| of Public Safety,            ) | |
| ) | |
| Defendants.  ) | |

NOW COMES Defendant South Carolina Department of Public Safety (hereinafter "SCDPS"), by and through counsel, and answers the interrogatories set forth in Local Rule 26.03, D.S.C., as follows:

**1.     *A short statement of the facts of the case.***

RESPONSE:

This claim arises from a traffic stop conducted by Lance Corporal James Enzor of the South Carolina Highway Patrol, a division of the South Carolina Department of Public Safety ("SCDPS"). Due to the allegations made against Trooper Enzor by the Plaintiff, SCDPS' Office of Professional Responsibility ("OPR") conducted an investigation of Trooper Enzor's actions during the October 14, 2012 traffic stop. OPR determined that Plaintiff's allegation that Trooper Enzor had unlawfully arrested Plaintiff was unfounded. However, the investigation also determined that Trooper Enzor was, at times, discourteous in his demeanor toward Plaintiff while conducting the traffic stop.

Specifically, on October 14, 2012 Trooper Enzor was monitoring traffic flow through a SCDOT Work Zone on Interstate I-95 near Florence, South Carolina. Plaintiff (as driver) and Jerome Newkirk (as passenger) were traveling northbound on I-95. After clocking the plaintiff at 77 mph in a 55 mph work zone with a radar gun, Trooper Enzor stopped the Newkirks near Mile Marker 171. After first obtaining plaintiff's license and registration, Trooper Enzor approached plaintiff's vehicle. He informed the Plaintiff he was citing her for speeding. Plaintiff, a black female, accused Trooper Enzor of making the stop solely on the basis of her race and refused to accept the courtesy summons. Trooper Enzor asked Plaintiff to exit her vehicle.

1

As they met at the rear of Plaintiff's vehicle, Trooper Enzor used a tone of voice that OPR's investigation characterized as disrespectful and demeaning. Nevertheless, the investigation also found that Trooper Enzor's arrest of Plaintiff was justifiable, and that the allegation made by Plaintiff that Trooper Enzor had arrested her unlawfully was unfounded.

With regard to Plaintiff's specific allegations in ¶ 10 of Plaintiff's Complaint, SCDPS denies that Trooper Enzor was "shouting at the Plaintiff in a loud, abusive, and discourteous manner." However, while the OPR investigation did not describe Trooper Enzor as "shouting" or "abusive," the investigation did describe his tone, at times, as disrespectful and demeaning. SCDPS also denies that Trooper Enzor "manhandled" Plaintiff, as she alleges in ¶ 10.

With regard to Plaintiff's specific allegations in ¶¶ 11-14 of her Complaint, the OPR investigation found that Trooper Enzor's tone was, at times, disrespectful and demeaning. However, it did not find that Trooper Enzor used excessive force against Plaintiff, conducted an unlawful arrest against Plaintiff, caused injuries to Plaintiff, or otherwise violated her civil rights.

2.  *The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.*

RESPONSE:

Plaintiff and all witnesses named by Plaintiff are likely to be called to explain their knowledge of Plaintiff's behavior during the traffic stop, plaintiff's attitudes on matters of race and the State of South Carolina, and plaintiff's claimed medical and psychological issues, both pre-existing and subsequent to the traffic stop, plaintiff's claimed damages, and all other matters relevant to Plaintiff's allegations and SCDPS's defenses in this matter.

Trooper Enzor, Lance Corporal B.T. Lee, Lance Corporal Bernard Williams, Senior Trooper Joseph Bell, and Florence S.O. Deputy Jason Pate may be expected to testify as to their actions and their observations of the plaintiff at the scene of the traffic stop and at the FCSO Detention Center on October 14, 2012.

Senior Investigator William House may be expected to testify with regards to the investigation conducted by OPR regarding the behavior of Trooper Enzor during the traffic stop of plaintiff's vehicle.

Staff and officers of the FCSO Detention Center may be expected to testify with regards to their observations of plaintiff's conduct and demeanor while at the Detention Center.

SCDPS will appoint a representative to discuss its actions with regards to selection, supervision and training of its officers, as well as the plaintiff's allegations of negligence in matters of training and supervision.

2

3.  *The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be called).*

RESPONSE:

No expert witnesses have been identified.

4.  *A summary of the claims or defenses with statutory and/or case citations supporting the same.*

RESPONSE: Defendant SCDPS believes that Plaintiff's claims against it should be dismissed on various grounds, including those cited in its affirmative defenses. Case citations include:

   a.  Assault and Battery: South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*; *Roberts v. City of Forest Acres,* 902 F.Supp. 662, 671-2 (D.S.C. 1995).

   b.  Negligence/Gross Negligence/Recklessness: South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*; *Summers v. Harrison Construction,* 298 S.C. 451, 381 S.E.2d 493 (S.C. App. 1989); *Andrews v. Piedmont Air Lines*, 297 S.C. 367, 377 S.E.2d 127 (S.C. App. 1989).

   c.  Intentional Infliction of Emotional Distress/Outrage ("IIED"): *Hanson v. Scalise Builders of S.C.,* 374 S.C. 352, 650 S.E.2d 68 (2007).

   d.  False Arrest: *Bushardt v. United Inv. Co.,* 121 S.C. 324, 113 S.E. 637 (1922).

   e.  Negligent Supervision/Training: *Moore v. Berkeley County School District,* 326 S.C. 584, 486 S.E.2d 9, 13 (S.C. App. 1997); *Rickborn v. Liberty Life Insurance Co.,* 321 S.C. 291, 468 S.E.2d 292, 299 (1996); *Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (1991).

5.  *Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.*

RESPONSE:

   a.  Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures: The dates listed in the Court's Conference and Scheduling Order are adequate.

3

    b.    Completion of discovery: The dates listed in the Court's Conference and Scheduling Order are adequate.

*6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).*

RESPONSE:

Counsel for Defendants may be recalled to active military service and will alert the Court if such is the case.

*7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.*

RESPONSE:   None.

Dated this the 30th day of July, 2013.

RICHARDSON PLOWDEN & ROBINSON, P.A.

s/ Eugene H. Matthews
Eugene H. Matthews, FID 7141
C. Cliff Rollins, FID 9069
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
Facsimile (803) 779-0016
E-mail:  gmatthews@RichardsonPlowden.com
E-mail:  crollins@RichardsonPlowden.com

**COUNSEL FOR DEFENDANT SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**