IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

C/A NO.: 4:13-cv-01635-RBH-KDW

| | |
|---|---|
| Catherine B. Newkirk, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>James B. Enzor, individually and as an )<br>employee and agent of the South Carolina )<br>Department of Public Safety; South )<br>Carolina Department of Public Safety, )<br>)<br>    Defendants. )<br>_____) | **RESPONSES OF<br>DEFENDANT JAMES B. ENZOR<br>TO LOCAL RULE 26.03<br>INTERROGATORIES** |

  Defendant James B. Enzor, by and through his undersigned attorneys, respectfully provide the following information pursuant to Local Civil Rule 26.03, D.S.C.:

  **(1) A short statement of the facts of the case:**

RESPONSE: On October 14, 2012 at approximately 17:36 in Florence, South Carolina, Lance Cpl. J.B. Enzor, an officer with the South Carolina Highway Patrol, was on routine patrol enforcing the speed limit in a highway construction zone located on I-95 northbound in Florence County from mile marker 168.5 to mile mark 171.5 where the speed limit was clearly posted as 55 mph. Lance Cpl. Enzor was using a handheld Lidar device for the purpose of detecting vehicles traveling in excess of the posted speed limit.

  While standing outside of his patrol vehicle, Lance Cpl. Enzor observed a black SUV traveling northbound and changing lanes at a rate of speed that Lance Cpl. Enzor believed was in excess of the posted 55 mph speed limit. Lance Cpl. Enzor confirmed his belief by using the Lidar device to measure the SUV's speed from a distance of 468.2 feet and the speed recorded by the Lidar device was 75 mph in the 55 mph construction work zone. Lance Cpl. Enzor then

1

returned to his vehicle, activated the blue lights and camera, and proceeded to initiate a traffic stop for the purpose of citing the driver of the black SUV for violating the posted speed limit. After making a lawful traffic stop of the black SUV just before the 172 mile marker on I-95 northbound, Lance Cpl. Enzor exited his patrol vehicle and approached the passenger side of the black SUV for officer safety reasons to make contact with the driver. Upon making contact with the driver, later identified as Catherine Newkirk, she began to become agitated and argumentative toward Lance Cpl. Enzor, stating that she was not speeding and the speed limit sign said 70 mph. Lance Cpl. Enzor advised Ms. Newkirk that she was being stopped for traveling 77 mph in a 55 mph work zone and then requested her registration and insurance information. After conducting a routine check of Ms. Newkirk's registration and insurance information, Lance Cpl. Enzor issued a citation for speeding 64 in a 55 mph work zone, reducing the cited speed from 77 to 64.

When Lance Cpl. Enzor returned to Ms. Newkirk's vehicle to explain the traffic citation, Ms. Newkirk questioned why she was being given a ticket and mentioned that she felt she was the victim of racial discrimination. At that time, Lance Cpl. Enzor requested Ms. Newkirk step out of her vehicle so that he could attempt to explain the ticket in full view of the in car video recorder. Ms. Newkirk exited her vehicle and walked towards the rear of her vehicle and the front of the SCHP patrol vehicle. As Lance Cpl. Enzor attempted to direct Ms. Newkirk away from oncoming traffic to explain the situation further, she made a brief statement and attempted to turn around as if to return to the vehicle. At this time, Lance Cpl. Enzor decided to place Ms. Newkirk under arrest for refusing to accept a courtesy summons and attempted to place Ms. Newkirk in handcuffs. Ms. Newkirk physically resisted Lance Cpl. Enzor's efforts to place her in handcuffs, making it necessary for Lance Cpl. Enzor to place his hands on Ms. Newkirk and

physically remove her from the edge of the I-95 roadway and control her for the purpose of placing her in handcuffs.

Ms. Newkirk was ultimately charged with speeding and resisting arrest. Following the arrival of several other officers of the South Carolina Highway Patrol who reported to provide assistance, Ms. Newkirk was ultimately transported to the Florence County Detention Center by Lance Cpl. B. T. Lee because she continued to state that Lance Cpl. Enzor was a racist and she refused to ride in his vehicle.

**(2)    The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

RESPONSE:   (a)    Lance Cpl. J.B. Enzor
                   South Carolina Department of Public Safety

Officer Enzor is a named Defendant in this case and was the South Carolina Highway Patrol Officer that initiated the traffic stop at issue in this case. It is anticipated that he will testify regarding his recollection of the events and circumstances surrounding same.

             (b)    Lance Cpl. B.T. Lee
                    South Carolina Department of Public Safety

Upon information and belief, Officer Lee was the first South Carolina Highway Patrol officer to arrive on scene for the purpose of providing support and assistance to Officer Enzor. It is anticipated that Officer Lee will testify regarding his recollection of the events and circumstances surrounding the traffic stop at issue in this litigation.

             (c)    Senior Trooper Joseph Bell
                    South Carolina Department of Public Safety

Upon information and belief, Senior Trooper Bell was the second South Carolina Highway Patrol officer to arrive on scene for the purpose of providing support and assistance to Officer Enzor. It is anticipated that Officer Bell will testify regarding his recollection of the events and circumstances surrounding the traffic stop at issue in this litigation.

             (d)    Lance Cpl. Bernard Williams
                    South Carolina Department of Public Safety

Upon information and belief, Officer Williams was the third South Carolina Highway Patrol officer to arrive on scene for the purpose of providing support and assistance to Officer Enzor. It is anticipated that Officer Williams will testify regarding his recollection of the events and circumstances surrounding the traffic stop at issue in this litigation.

  (e) Cpl. N.A. Tart
    South Carolina Department of Public Safety

Upon information and belief, Cpl. Tart was contacted by Lance Cpl. Enzor shortly after the traffic stop at issue in this case for the purpose of discussing the circumstances of same. Upon further information and belief, Cpl. Tart instructed Lance Cpl. Enzor on the types of charges which should be made on the individuals and instructed Lance Cpl. Enzor to secure his in car video as well as the in car video of Lance Cpl. B.T. Lee. Accordingly, it is anticipated that Cpl. Tart will testify his recollection of the events and circumstances surrounding the traffic stop at issue, his contact with Lance Cpl. Enzor, his review of any in car video, and any other involvement he may have had in connection with the traffic stop at issue, any review of same conducted by Lance Cpl. Enzor's supervisors, and any other information he may have that is relevant to the matters being litigated in this case.

  (f) Lt. J.E. Strait
    South Carolina Department of Public Safety

Upon information and belief, Lt. Strait reviewed some or all of the in car video related to the traffic stop at issue. It is anticipated that Lt. Strait will testify regarding his recollection of the events and circumstances surrounding the traffic stop at issue, any review of same conducted by Lance Cpl. Enzor's supervisors, and any other information he may have that is relevant to the matters being litigated in this case.

  (g) Sgt. C.P. Logdon
    South Carolina Department of Public Safety

Upon information and belief, Sgt. Logdon was contacted by Cpl. Tart and advised of the traffic stop. It is anticipated that Sgt. Logdon will testify regarding his recollection of the events and circumstances surrounding the traffic stop at issue, any review of same conducted by Lance Cpl. Enzor's supervisors, and any other information he may have that is relevant to the matters being litigated in this case.

  (h) Senior Investigator William House
    South Carolina Department of Public Safety
    Office of Professional Responsibility

Upon information and belief, Investigator House conducted an investigation related to the traffic stop at issue in this case. It is anticipated that he will testify regarding any and all activities conducted in connection with said investigation, any documents generated in connection therewith, any results of said investigation, and any other information he may have that is relevant to the

matters being litigated in this case.

    (i)  The Honorable Frank White
       Florence County Magistrate

  Upon information and belief, Magistrate White executed a warrant for the arrest of Jerome Newkirk. It is anticipated that he will testify regarding his recollection of the events and circumstances surrounding same.

    (j)  In order to avoid any unnecessary duplication, counsel for Defendants reserves the right to call any and all witnesses identified by Plaintiff in response to this or any similar interrogatory to testify at the trial of this case.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.)**

RESPONSE: None at this time.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting same.[1]**

RESPONSE:

  1. Defendant Enzor is an employee of the South Carolina Highway Patrol and the South Carolina Department of Public Safety, an arm of the State of South Carolina, and is, therefore, entitled to sovereign immunity from suit in his official capacity.

  2. At all times relevant to the allegations in Plaintiff's Complaint, Defendant Enzor was engaged in the performance of his official duties, acted in good faith, and violated no clearly established constitutional or statutory rights which were known or should have been known to him, and is therefore entitled to *qualified immunity* from suit in his individual capacity.

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will surface.

3.    Plaintiff has failed to mitigate any damages allegedly suffered, and her claims are otherwise barred by the doctrines of waiver, estoppel, and/or unclean hands.

4.    Defendant Enzor alleges that any injuries or damages allegedly suffered by Plaintiff, which are denied, were due to and caused by the negligence of Plaintiff; that the negligence of Plaintiff combined and concurred with any acts or omissions of Defendant Enzor, which are again denied, to produce any such injuries or damages; and that the negligence and recklessness of Plaintiff exceeded any negligence or recklessness of Defendant Enzor. Defendant Enzor therefore pleads the comparative negligence and recklessness of Plaintiff as a bar to this action.

5.    Defendant Enzor alleges that he is immune from civil tort liability pursuant to the Constitution of the State of South Carolina and § 15-78-10, *Code of Laws of South Carolina* (1976, as amended), et seq., commonly known as the *South Carolina Tort Claims Act* except to the limited extent to which sovereign immunity has been waived pursuant thereto. Defendant Enzor therefore pleads and incorporates herein each and every defense and limitation contained in the *South Carolina Tort Claims Act* as fully as if set forth herein verbatim.

6.    To the extent Plaintiff alleges Defendant Enzor used force against her, Defendant Enzor was justified to use necessary and reasonable force to maintain order or secure compliance with instructions and therefore pleads justification as a complete bar to this action.

7.    Defendant Enzor alleges that any injuries sustained by Plaintiff as a result of this incident were due to the acts of Plaintiff insofar as the incident complained of was voluntarily initiated by Plaintiff.

8.    Defendant Enzor alleges that Plaintiff's Complaint fails to state facts sufficient to state a cause of action and therefore Defendant Enzor is entitled to dismissal of Plaintiff's

6

Complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* or *Rule 12(b)(6) of the South Carolina Rules of Civil Procedure*.

9. Any acts alleged to have occurred on behalf of Defendant Enzor were made using discretion of said individual in spite of his knowledge of reasonable, existing alternatives, and Defendant Enzor is therefore entitled to discretionary immunity from this lawsuit.

10. That any injuries or damages sustained by the Plaintiff, if any, were due to and caused by the negligence of other persons, firms or corporation over whom Defendant Enzor had no control, and Defendant Enzor therefore pleads the sole negligence of others as a complete bar to this action.

11. Defendant Enzor honored his duty to exercise that degree of care and skill ordinarily exercised by his profession under similar conditions and in similar circumstances. Accordingly, Defendant Enzor specifically denies that he or any other SCDPS staff deviated from the generally accepted standards, practices and procedures exercised by competent law enforcement officers. Furthermore, Defendant Enzor specifically denies that he caused Plaintiff any injury whatsoever or that the facts and circumstances surrounding the traffic stop at issue are sufficient to support a claim that her constitutional rights have been violated.

12. Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were a proximate cause of one or more independent, efficient and intervening causes which Defendant Enzor pleads as a complete bar to this action.

13. Defendant Enzor alleges that an award of punitive damages in this case would violate the 5th, 6th and 14th amendments to the United States Constitution and Article One, Section 3 of the South Carolina Constitution in that:

      a)      The unfettered power to award punitive damages in any manner is wholly devoid of a meaningful standard and is inconsistent with due process guarantees; and

      b)      Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness.

**(5)** **Proposed dates for the following deadlines listed in Local Civil Rule 16.02:**

    **(1)** **Exchange of Fed. R. Civ. P.26(a)(2) expert disclosures; and**

    **(2)** **Completion of discovery.**

<u>RESPONSE</u>: Defendant Enzor is currently in agreement with the dates set forth in the Conference and Scheduling Order issued June 18, 2013 (ECF #5).

**(6)** **Any special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (Consent of Scheduling Order).**

<u>RESPONSE</u>: At this time, Defendant Enzor is not aware of any special circumstances that would affect the time frames set forth in the previously issued Scheduling Order.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

<u>RESPONSE</u>: Not applicable.

(*Signature block on next page*)

                                                S/SAMUEL F. ARTHUR, III
SAMUEL F. ARTHUR, III
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
Federal ID #7070
PO Drawer 1931
Florence, SC 29503
Telephone:  843.669.8787
Fax:            843.664.0097
SFA@AIKENBRIDGES.COM

**ATTORNEYS FOR DEFENDANT**
**JAMES B. ENZOR**

Florence, South Carolina

August 5, 2013.

## CERTIFICATE OF SERVICE

I hereby certify that the **RESPONSES OF DEFENDANT JAMES B. ENZOR TO LOCAL RULE 26.03 INTERROGATORIES** was filed electronically on August 5, 2013 and is available for viewing and downloading from the ECF system.  Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).  The following parties were served via ECF:

James T. McBratney, Jr., Esquire
J. Thomas McBratney, III, Esquire
McBratney Law Firm
P. O. Box 3890
Florence, SC  29502

Eugene H. Matthews, Esquire
Richardson Plowden & Robinson, P.A.
1900 Barnwell Street
Columbia, SC  29201

S/SAMUEL F. ARTHUR, III
SAMUEL F. ARTHUR, III

(30306)