UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CATHERINE B. NEWKIRK; ) | Civil Action No.: 4:13-cv-1635-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **LOCAL RULE 26.03** |
| ) | **DISCLOSURES** |
| JAMES B. ENZOR, individually and as an ) | |
| Employee and agent of the South Carolina ) | |
| Department of Public Safety; SOUTH ) | |
| CAROLINA DEPARTMENT OF PUBLIC ) | |
| SAFETY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Catherine B. Newkirk, hereby submits the following information pursuant to Local Civil Rule 26.03:

1. **A short statement of the facts of the case.**

RESPONSE:      On or about October 14, 2012, the Plaintiff was the driver of a 2009 black Cadillac Escalade traveling on a public highway known as Interstate 95 headed north with her husband, Jerome Newkirk, at or near the City of Florence, South Carolina at Mile Marker 171.

As Plaintiff traveled in the northbound lane of I-95, she travelled through a construction zone area and was in a line of three or four other vehicles all travelling at the same rate of speed when she noticed that she was being followed by a South Carolina Highway Patrol automobile with his blue lights activated.

In response to the patrol vehicle's blue lights, the Plaintiff pulled over to the safety lane of I-95.

Defendant Enzor approached the Plaintiff's vehicle on the passenger's side, and requested the Plaintiff's driver license and registration information. Defendant Enzor returned to

1

his vehicle and then shortly thereafter returned to the Plaintiff's vehicle and advised her that she was traveling at 77 mph in a 55 mph zone and that he was going to ticket her for speeding. Plaintiff stated to Defendant Enzor after being handed the ticket that she felt she was the subject of discrimination whereupon Defendant Enzor snatched the ticket from the Plaintiff and commanded that she exit the vehicle.

The Plaintiff complied with the officer's command and exited the vehicle but as the Plaintiff approached the rear of her vehicle, Defendant Enzor began pointing his finger and shouting at the Plaintiff in a loud, abusive, and discourteous manner. He grabbed the Plaintiff then advised her that she was under arrest and proceeded to manhandle her, placing her in handcuffs.

As this confrontation between the Plaintiff and Defendant Enzor was occurring, the Plaintiff's husband exited the vehicle, and walked to the rear of the vehicle to inquire about the events taking place. The Plaintiff's husband stated to Defendant Enzor that his actions were not necessary.

Defendant Enzor commanded the Plaintiff's husband to return to the vehicle and advised that he was under arrest also.

During the course of the arrest, the Plaintiff fell to the ground as a result of Defendant Enzor's physical manhandling of the Plaintiff, causing her further injuries to her body.

Defendant Enzor used excessive force and conducted an unlawful arrest of Plaintiff, both actions in violation of 42 U.S.C. § 1983. Defendant Enzor engaged in an improper and unlawful course of conduct with respect to his unlawful arrest of Plaintiff and his use of brutal and excessive force in the detention and arrest of the Plaintiff. As a result, Plaintiff's civil rights have been violated and she has suffered significant physical injuries and damages, including, but

not limited to, severe bruising to her arms, wrist, shoulder, and hip, tremendous pain, mental anguish, emotional distress, humiliation, loss of wages, substantial medical and other expenses, and she has been prevented from transacting her usual business.

Following initial reports of Defendant Enzor's conduct, the S.C. Department of Public Safety conducted an internal investigation of the traffic stop and arrest of the Plaintiff and found that Defendant Enzor's conduct warranted discipline including a demotion in rank.

This statement of facts is not intended to be exhaustive.  Plaintiff reserves the right to supplement and/or amend this response as additional facts are brought to light in discovery.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

RESPOSE:    a.    Catherine B. Newkirk – Mrs. Newkirk is the Plaintiff and is expected to testify as to her recollection of the events on October 14, 2012 as well as her injuries and damages;

b.    Jerome C. Newkirk, Sr. – Mr. Newkirk is the Plaintiff's husband and was present at the time of the events surrounding this case.  He is expected to testify as to his wife's damages as well as his own unlawful arrest;

c.    James B. Enzor – Trooper Enzor is the Defendant.  He is expected to testify as to his recollection of the facts and circumstances of this case;

d.    Investigator William House – Investigator House conducted the investigation into the allegations of this case on behalf of the Defendant, South Carolina Department of Public Safety, Office of Professional Responsibility.  He is expected to testify as to his findings and conclusions from the investigation;

e.    Bobby Collins -  Mr. Collins was the former Chief of the Office of Professional Responsibility and participated in Investigator House's investigation into the

3

allegations of this case and reviewed Investigator House's final report. He is expected to testify as to his conclusions from the investigation;

   e. Dr. Constance Olatadaye – Dr. Olatadaye is Mrs. Newkirk's treating psychologist and is expected to testify as to the treatment rendered to Mrs. Newkirk and her injuries and damages.

   f. Any witness listed in the Defendants' discovery responses or Rule 26.03 disclosures.

Plaintiff reserves the right to supplement and/or amend this response as additional individuals are identified during the discovery process.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

RESPONSE: Plaintiff has not made any decision regarding the use of expert witnesses in the trial of this case. Plaintiff reserves the right to supplement and/or amend this response when a decision to use an expert witness is made. Plaintiff further reserves the right to call any expert in reply or to rebut the claims or defenses of the Defendants.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE: Based on the facts stated above, Plaintiff has alleged the following claims: 1) violation of civil rights under 42 U.S.C. § 1983 as to Defendant Enzor; 2) Assault as to Defendant S.C. Department of Public Safety, *See Gathers v. Harris Teeter Supermkt., Inc.*, 317 S.E.2d 748 (S.C. Ct. App. 1984); 3) Battery as to Defendant S.C. Department of Public Safety, *See Gathers v. Harris Teeter Supermkt., Inc.*, 317 S.E.2d 748 (S.C. Ct. App. 1984); 4) Negligence/Gross Negligence as to Defendant S.C. Department of Public Safety, *See Bailey v. Segars*, 550 S.E.2d 910, 913 (S.C. Ct. App. 2001); *See Pope v. Heritage Communities, Inc.*, 717

S.E.2d 765 (S.C. Ct. App. 2011); 5) Intentional Infliction of Emotional Distress as to Defendant S.C. Department of Public Safety, *See Todd v. South Carolina Farm Bureau*, 321 S.E.2d 602 (S.C. Ct. App. 1984); 6) Malicious prosecution as to Defendant S.C. Department of Public Safety, *See McBride v. School Dist. of Greenville County*, 698 S.E.2d 845 (S.C. Ct. App. 2010); 7) False Imprisonment as to Defendant S.C. Department of Public Safety, *See Argoe v. Three Rivers Behavioral Health, L.L.C.*, 710 S.E.2d 67 (S.C. 2011); and 8) Negligent supervision and training as to Defendant S.C. Department of Public Safety, *See Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C 1992).

On the § 1983 claim, Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and costs. On the state common law claims, Plaintiff seeks compensatory damages only.

5. **Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**
   a. **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**
   b. **Completion of discovery.**

RESPONSE:   Plaintiff agrees with the deadlines set forth in the scheduling order [Docket Entry #5].

6. **The parties shall inform the Court whether there are any special circumstances which would affect time frames applied in preparing the scheduling order.**

RESPONSE:   Plaintiff is not aware of any special circumstances that would affect time frames applied in preparing the scheduling order.

7. **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.**

RESPONSE:   All requested information has been provided.

August 16, 2013

                                              RESPECTFULLY SUBMITTED.

          s/ J. Thomas McBratney, III
J. Thomas McBratney, III
Fed. Id.: 10517
James T. McBratney, Jr.
Fed. Id.: 2903
MCBRATNEY LAW FIRM, P.A.
P.O. Box 3890
Florence, SC 29502
T: (843)662-8155
F: (843)662-1144
thomas@mcbratneylawfirmpa.com

Attorneys for Plaintiff

## Certificate of Service

The foregoing answers to Local Rule 26.01 Interrogatories were served on all counsel for the Defendants via this Court's CM/ECF filing system this 16thth day of August, 2013.

August 16, 2013

    s/ J. Thomas McBratney, III
J. Thomas McBratney, III