UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome C. Newkirk, Sr., | ) | Civil Action No. 2:13-cv-1634-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James B. Enzor, individually and as an Officer of the South Carolina Highway Patrol, and the South Carolina Department of Public Safety, | ) ) ) ) | **MOTION FOR LEAVE TO CONDUCT INSURANCE CARRIER DISCOVERY** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Catherine B. Newkirk, | ) | Civil Action No. 2:13-cv-1635-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James B. Enzor, individually and as an Officer of the South Carolina Highway Patrol, and the South Carolina Department of Public Safety, | ) ) ) ) | **MOTION FOR LEAVE TO CONDUCT INSURANCE CARRIER DISCOVERY** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  Plaintiffs Jerome C. Newkirk, Sr. and Catherine B. Newkirk respectfully move the Court pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure to reopen discovery and authorize service of a subpoena *duces tecum* (attached as **Exhibit A**) and a subpoena *ad testificandum* (and **Exhibit B**) to the Insurance Reserve Fund. The grounds for granting this motion are set forth herein.

  On February 6, 2017, the Court held a bar meeting to discuss the status of this action. See Dkt. No. 114. During that hearing the Court inquired as to whether further mediation would be

productive and the parties subsequently agreed to mediate this case on March 2, 2017, before the Honorable Mary Gordon Baker, United States Magistrate. Also during the bar meeting, questions concerning coverage for Defendant James B. Enzor were discussed. Counsel for Defendant South Carolina Department of Public Safety (SCDPS) also raised the prospect that Enzor was being provided a defense by the South Carolina Insurance Reserve Fund (SCIRF) subject to a reservation of rights. The Court ordered the Defendants to furnish to Mr. and Mrs. Newkirk's counsel a certified copy of any declarations page and policy providing coverage in this matter, and any reservation of rights that has issued.

On February 9, 2017, Enzor's counsel furnished a copy of certified copy of a SCIRF policy issued to SCDPS providing coverage at the time in question (attached as **Exhibit C**). The first page identifies $1,000,000 in general tort liability, however, § V of the policy limits coverage for any action or claim brought under the South Carolina Tort Claims Act (SCTCA) not to exceed $300,000/$600,000 per occurrence.

No policy has been produced identifying Enzor as the named insured. Instead, SCIRF's policy identifies "Persons Insured" to include the named entity and any employee of the entity designated in the declarations page "but only while the employee is acting in the scope of his or her official duties." See Ex. C at § IV, ¶¶ (a) & (b).

In response to interrogatories, Enzor and SCDPS both cite the same SCIRF policy as providing coverage in limits of $1 million for non-SCTCA claims and $300,000/$600,000 for SCTCA claims, but do not explain whether Enzor and SCDPS share coverage limits. In subsequent conversations with counsel for Enzor and SCDPS, opposing counsel lacked clarity concerning the full possible extent of coverage for all claims and defendants joined in this action: the total aggregate of which might be $1 million, $1.6 million, $2 million, or $2.6 million, depending on

SCIRF's coverage position. By email dated February 14, 2017, SCDPS's counsel reported SCIRF's position as follows:

> I spoke with the IRF this morning, and it has authorized me to relate the following to clarify its position on coverage in the Newkirk matter:
>
> 1. The cases involve one occurrence.
>
> 2. The maximum coverage for all claims by both plaintiffs is $1,000,000.
>
> 3. This includes the 42 USC 1983 claims and all state claims against both defendants by both plaintiffs.
>
> 4. An attorney's fee award attached to the 42 USC 1983 claim would be covered under the Supplemental Payments section of the policy and is not limited by the $1,000,000 coverage limit.
>
> 5. The IRF does not consent to a 30(b)(6) deposition.

See Email G. Matthews to R. Harpootlian (attached as **Exhibit D**). Nevertheless, other coverage questions remain unanswered, including which Defendant's liability would be satisfied by the policy first, thus potentially leaving the second Defendant with an uncovered liability.

In light of the foregoing, Mr. and Mrs. Newkirk seek leave to serve two subpoenas on SCIRF seeking the production of documents concerning coverage in this case and a witness prepared to testify concerning SCIRF's position vis-à-vis their insureds and the coverage afforded to them in this case. Motions to reopen discovery are typically subject to a showing of "good cause" and require the court's consent. See 2910 Georgia Ave. LLC v. D.C., 312 F.R.D. 205, 211 (D.D.C. 2015); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Court should authorize the discovery requested here for two reasons. First, while the Newkirks served discovery concerning insurance coverage, questions implicating that coverage and the extent of coverage were first raised, to counsels' surprise, during the bar meeting. Mr. and

Mrs. Newkirk have received conflicting reports (e.g., reservation of rights v. no reservation of rights) and still do not fully understand SCIRF's position. Second, Mr. and Mrs. Newkirk cannot negotiate in good faith during the March 2 mediation without a clear understanding of the extent of coverage and how coverage will be applied to satisfy each Defendant's potential liability. Absent clarification and a sworn record on which the parties can rely, the March 2 mediation will not be productive.

For these reasons, Mr. and Mrs. Newkirk request that this motion be granted and discovery re-opened in authorize service of the attached subpoenas.

Respectfully submitted,

s/Richard A. Harpootlian  
Richard A. Harpootlian (Fed. ID No. 1730)  
Christopher P. Kenney (Fed. ID No. 11314)  
RICHARD A. HARPOOTLIAN, P.A.  
1410 Laurel Street  
Post Office Box 1090  
Columbia, SC 29202  
(803) 252-4848  
(803) 252-4810 (f)  
rah@harpootlianlaw.com  
cpk@harpootlianlaw.com  

Joseph M. McCulloch, Jr. (Fed. ID No. 2785)  
Law Offices of Joseph M. McCulloch, Jr.  
1426 Richland Street  
Post Office Box 11623  
Columbia, SC 29211  
(803) 779-0005  
(803) 779-0666 (f)  
joe@mccullochlaw.com

February 14, 2017  
Columbia, South Carolina.