UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jerome C. Newkirk, Sr., | ) | C/A No. 4:13-cv-1634-RBH-KDW |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY |
| James B. Enzor, individually and as an Officer of the South Carolina Highway Patrol, and the South Carolina Department of Public Safety, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| Catherine B. Newkirk, | ) | C/A No. 4:13-cv-1635-RBH-KDW |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY |
| James B. Enzor, individually and as an Officer of the South Carolina Highway Patrol, and the South Carolina Department of Public Safety, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, Jerome and Catherine Newkirk (collectively, "Plaintiffs") respectfully move the Court, pursuant to Rules 104(a), 403, and 702 of the Federal Rules of Evidence to exclude the testimony of Defendant South Carolina Department of Public Safety's expert, Brian S. Batterton, by barring him from offering certain improper expert opinion testimony for the reasons stated herein. Moreover, once the Court deems the expert's opinions inadmissible, he is nothing more than a cumulative summary witness with no

1

first-hand knowledge and should not be permitted to testify in that capacity either. The grounds for this motion are set forth below.

## FACTUAL BACKGROUND

This case arises from a traffic stop by a state trooper (defendant Enzor) who stopped a vehicle driven by plaintiff (Mrs. Newkirk) and also occupied by her husband, Mr. Newkirk, a passenger. The trooper's stated purpose in stopping the Newkirks' vehicle was for speeding, which was and is, steadfastly denied by the Plaintiffs. The trooper determined to issue a ticket to Mrs. Newkirk and passed the ticket into her automobile from the passenger side. Upon her remark to the officer referencing racial discrimination by South Carolina troopers, the trooper withdrew the ticket and ordered Mrs. Newkirk from the vehicle. As the officer walked around the rear of the vehicle, Mrs. Newkirk met him at the side of the vehicle. The officer pointed a finger at her and began with "let me tell you . . ." at which point Mrs. Newkirk looked away. The trooper then announced his intent to arrest her and began grabbing and pushing Mrs. Newkirk. The video depicts the passenger/husband (Mr. Newkirk) exiting the vehicle, speaking, being ordered by the trooper to return to the vehicle, and doing so.

Upon arrival of additional officers, the Plaintiffs were both arrested and charged with various criminal offenses. Plaintiffs spent the night in jail and ultimately all charges were dismissed.

## ARGUMENT

As set forth in Exhibit A, certain of the Defendant's expert's opinions should be excluded from the trial of this case based on Rules 104, 403, and 702 of the Federal Rules of Evidence. Specifically, many of the opinions reached in the expert's report involve the

expert reaching <u>conclusions based on disputed facts</u> (see paragraphs 22, 23, 24, 26, 28), <u>offering ultimate legal conclusions</u> (22, 24, 25, 26, 27, 28), <u>credibility determinations</u>[1] (22, 23, 24, 28), and/or <u>speculation as to a witness' motive or intent</u> (22, 23, 24, 26) – all of which invade the province of the jury. Moreover, such opinions run the risk of misleading the jury and confusing the issues.

Rule 702 of the Federal Rules of Evidence permits expert testimony when "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and is premised on sufficient facts and the sound application of a reliable methodology. Fed. R. Evid. 702. "Faced with a proffer of expert scientific testimony, the trial judge must determine . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592-593 (1993); see also <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 150 (1999).

In order to be considered relevant, the proposed expert testimony must be helpful to the trier of fact. See <u>Daubert</u>, 509 U.S. at 591-92. Expert opinions must be both relevant and reliable. <u>Daubert</u>, 509 U.S. at 589. In order to be reliable, "expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." <u>Oglesby v. Gen. Motors Corp.</u>, 190 F.3d 244, 250 (4th Cir. 1999).

---

[1] The expert notes in paragraph fourteen (14) of his report, "At the outset it is important to note that this report is based upon the facts as presented by the material and, as much as possible, specifically avoids drawing conclusions based upon credibility issues of the parties."

Expert testimony, while liberally permitted by Rule 702 is subject to limitations that protect juries from the undue influence of an expert's presentation. "[E]xpert witnesses have the potential to be both powerful and quite misleading." Cooper v. Smith Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). "[E]xpert testimony that is merely speculation or pure conjecture based on the expert's impressions of the physical evidence must be excluded as not based on any reliable methodology or scientific principle." In re Baycol Products Litig., 532 F. Supp. 2d 1029, 1053 (D. Minn. 2007). Testimony consisting of nothing more than inferences drawn from other evidence is speculation. Highland Capital Mgmt. L.P. v. Schneider, 379 F. Supp. 461, 465 (S.D.N.Y. 2005).

While Rule 704(a) states that "an opinion is not objectionable just because it embraces an ultimate issue," expert testimony that "merely tell[s] the jury what result to reach" is improper. Fed. R. Evid. 704 advisory committee note. "An expert should not be permitted to testify as to an ultimate legal conclusion in the case, as to do so would improperly invade the province of the court and the jury." Sargent v. Pennsylvania, C.A. No. 3:13-CV-00730, 2015 WL 6447742 at *2 (M.D. Pa. 2015)(internal citation omitted). As our district court has stated:

> It should be noted at the outset that this court has traditionally frowned upon witnesses being offered as 'experts' who purport to examine a disputed factual record and form legal conclusions for the jury. Ordinarily, the jury is in just as good a position as the expert to draw the conclusion.

McCoy v. City of Columbia (D.S.C. 2013)(internal citations omitted). Otherwise, the testimony does not assist the trier of fact. Id.; see Tyger Constr. Co. v. Pensacola Constr. Co., 29 F.3d 137, 142 (4th Cir. 1994)("An expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record.")

4

"Whatever expertise [a proposed witness] may possess, no expert may supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence. Thus, inferences about the intent or motive of parties or others lie outside the bounds of expert testimony." Highland Capital Mgmt., L.P., 379 F. Supp. 2d at 469-70. In granting a motion *in limine* seeking expert expulsion, one district court concluded:

> The question of reasonableness is quintessentially a matter of applying the common sense and the community sense of the jury to a particular set of facts and, thus, it represents a community judgment. It would interfere inappropriately with the judgment process, mandated by Graham v. Connor, to allow expert testimony as to what reasonableness is, either abstractly or as applied.

Wells v. Smith, 778 F. Supp. 7, 8 (D. Md. 1991).

"Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. (internal citations omitted). Moreover, "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony." In re Rezulin Products Liability Litigation, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004). "[T]he question of intent is a classic jury question and not one for the experts." Id. (internal citations omitted). Moreover, "[e]xpert witnesses are not permitted to testify as to witness credibility." Guerrero v. Deane (E.D. Va., 2012)(citing United States v. Dorsey, 45 F.3d 809, 815 (4th Cir. 1995)).

The opinions from the expert's Affidavit dated October 9, 2014, attached as Exhibit B, and summarized in attached Exhibit A, are improper and inadmissible as opinions that essentially summarize or determine facts and then opine on the existence of probable cause based upon the expert's interpretation of the facts. An example is paragraph 22 of his report wherein the expert opines ". . . that Trooper Enzor's initial stop

of Mrs. Newkirk for speeding was consistent with proper law enforcement practice in that the trooper had probable cause to believe that Mrs. Newkirk was violating the speeding statute." (emphasis added). As the Court has noted (and the expert admits in paragraph 15), whether Mrs. Newkirk was or was not speeding is a fact in dispute.

Similarly, the expert's opinion in paragraph 23 is based upon speculation as to the officer's intention or motive in ordering Mrs. Newkirk out of the car ". . . so he could further explain the citation to her." Most of the expert's opinions as to reasonableness of actions and findings of probable cause are based upon a foundation of "cherry-picked" facts in dispute using the version he chooses to believe.

In addition to being inadmissible under Rule 702, such testimony should be excluded under Rule 403 of the Federal Rules of Evidence as any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, and needlessly presenting cumulative evidence.

Based on the above, the expert opinions at issue should be excluded from the trial of this case.

## CONCLUSION

"[T]o the extent [the expert] is simply rehashing otherwise admissible evidence about which he has no personal knowledge, such evidence – taken on its own – is inadmissible." Highland Capital Mgmt., 379 F. Supp. 2d at 468-469. "While an expert must of course rely on facts or data in formulating an expert opinion, see Fed. R. Evid. 703, an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." Id. Here, there are an ample number of available, competent witnesses to testify concerning the facts.

For the reasons set forth herein, the Defendant's expert's opinions as set forth in paragraphs 22, 23, 24, 25, 26, 27 and 28 should be excluded from his testimony at trial.

Respectfully submitted by,

By: /s/ Joseph M. McCulloch, Jr.
Joseph M. McCulloch, Jr. (Fed. ID No. 2785)
joe@mccullochlaw.com
Kathy R. Schillaci (Fed. ID No. 7792)
kathy@mccullochlaw.com
1513 Hampton Street (29201)
Post Office Box 11623
Columbia, SC 29211
(803) 779-0005
Facsimile (803) 779-0666

s/Richard A. Harpootlian
Richard A. Harpootlian (Fed. ID No. 1730)
rah@harpootlianlaw.com
Christopher P. Kenney (Fed. ID No. 10147)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29202
(803) 252-4848
Facsimile (803) 252-4810

February 14, 2017

Columbia, South Carolina