IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome C. Newkirk, Sr., | ) | C/A No.: 4:13-cv-01634-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **RESPONSE OF THE SOUTH CAROLINA** |
| v. | ) | **DEPARTMENT OF PUBLIC SAFETY** |
| | ) | **TO PLAINTIFFS' MOTION FOR LEAVE TO** |
| James B. Enzor, individually and as an | ) | **CONDUCT INSURANCE CARRIER DISCOVERY** |
| officer of the South Carolina Highway | ) | |
| Patrol, and the South Carolina Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |
| Catherine B. Newkirk, | ) | C/A No.: 4:13-cv-01635-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **RESPONSE OF THE SOUTH CAROLINA** |
| v. | ) | **DEPARTMENT OF PUBLIC SAFETY** |
| | ) | **TO PLAINTIFFS' MOTION FOR LEAVE TO** |
| James B. Enzor, individually and as an | ) | **CONDUCT INSURANCE CARRIER DISCOVERY** |
| officer of the South Carolina Highway | ) | |
| Patrol, and the South Carolina Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the South Carolina Department of Public Safety ("SCDPS"), by and through counsel, and opposes the motion of Plaintiffs Jerome C. Newkirk, Sr. and Catherine Newkirk to re-open discovery and authorize service of a subpoena *duces tecum* and subpoena *ad testificandum.*

For the reasons set forth below, SCDPS respectfully requests that this Court DENY the Plaintiffs' motion.

**BACKGROUND**

Discovery has long since been closed in this case for over a year.

1

While discovery was pending, Plaintiffs sent the following interrogatory request to each Defendant, and SCDPS disclosed the following information concerning insurance coverage in response:

> 3. Set forth the names and addresses of all insurance companies which have liability, uninsured or underinsured insurance coverage on the parties and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.
>
> ANSWER:
>
> South Carolina Insurance Reserve Fund
> PO Box 11066
> Columbia, South Carolina 29211
> Policy No. T112670013
> Policy Limits: $1,000,000 for non-Tort Claims Act claims; $300,000/$600,000 on claims brought pursuant to the SC Tort Claims Act.

SCDPS has reviewed its records and found no other specific requests or inquiries made by Plaintiffs during the discovery period for a copy of the insurance policy referenced in the answer to this interrogatory. In any event, the policy has been produced to the Plaintiffs at the request of the Court.

Further, Plaintiffs correctly relate to the Court that Defendants have provided them with a copy of the applicable insurance policy <u>and</u> an additional explanation of coverage. [*See* NEF Dkt. # 122-4].[1] In fact, the South Carolina Insurance Reserve Fund ("SCIRF"), through the undersigned, provided an explicit statement of its position on, and understanding of, the coverage its policy provided as it applies to the instant cases.

---

[1] In their motion, Plaintiffs state that they received "conflicting reports" concerning a reservation-of-rights letter. The South Carolina Insurance Reserve Fund has affirmed to the undersigned that it has issued <u>no</u> reservation-of-rights letter(s) in this case.

I.   **PLANTIFFS HAVE FAILED TO SET FORTH "GOOD CAUSE" OR TO SHOW "EXCUSABLE NEGLECT" UNDER FED.R.CIV.P. 16(B)(4).**

The Federal Rules of Civil Procedure provide that the Court may modify a scheduling order where there is "good cause." FED. R. CIV. P. 16(b)(4). In determining whether a motion to reopen discovery satisfies this "good cause" requirement, a court should consider the following factors:

> (1) whether trial is imminent;
> (2) whether the request is opposed;
> (3) whether the non-moving party would be prejudiced;
> (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court;
> (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and
> (6) the likelihood that discovery will lead to relevant evidence.

*2910 Georgia Ave. LLC v. D.C.*, 312 F.R.D. 205, 208 (D.D.C. 2015) (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C.2011) (quoting *Childers v. Slater*, 197 F.R.D. 185, 187–88 (D.D.C.2000)). In determining whether there is good cause to reopen discovery, a court should particularly focus on whether the moving party was diligent in obtaining discovery. *2910 Georgia Ave. LLC*, 312 F.R.D. at 208.

Further, a party seeking to reopen discovery after the deadline has run must show excusable neglect. FED. R. CIV. P. 6(b)(1)(B). *Branch Banking & Trust Co. v. Rad*, 2015 WL 7428553, at *3 (D. Nev. Nov. 20, 2015).

Under these factors, this Court must deny Plaintiffs' motion. Although Plaintiffs cite *2910 Georgia Ave. LLC* in their motion, they fail to address the factors listed in that case in any perceivable way. Further, they have failed in their motion to address the issue of "excusable" neglect in any fashion. They simply state that "do not fully understand SCIRF's position" on discovery and suggest that additional mediation between the parties would not be productive

unless they understand coverage issues better. [NEF Dkt. #122, pp. 3-4]. These reasons do not establish "good cause" or "excusable neglect."

Moreover, Plaintiffs can show no prejudice. Despite the lack of showing of any "excusable neglect" on their part, Plaintiffs have requested – and received – additional and explicit information from the SCIRF on the issue of coverage. Indeed, Defendants provided Plaintiffs with a more fulsome explanation of Plaintiffs' questions regarding coverage even though discovery has long since closed.

In any event, because Plaintiffs have failed to make the necessary showings of "good cause" and "excusable neglect" in their motion, it must be denied.

## II. PLANTIFFS ALSO MAKE AN UNTIMELY REQUEST FOR DOCUMENTS THAT ARE PRIVILEGED AND PROTECTED BY THE ATTORNEY WORK-PRODUCT DOCTRINE .

In their subpoena *duces tecum*, Plaintiffs demand that the SCIRF produce "a complete copy of all claims files related to this action." Plaintiffs also demand production of "all communications concerning coverage, the terms of coverage, coverage determinations, or limitations on coverage for any Defendant in this action." Such a request is improper and intrudes on material that is protected by the attorney-client privilege and/or the work-product doctrine.

The relationship between an insured, his or her attorney and an insurance adjuster is covered by the common interest doctrine. *Pittston Co. v. Allianz Ins. Co.*, 143 F.R.D. 66, 71 (D.N.J. 1992). Under the common interest doctrine, "although an attorney actually represents only one party, there is no waiver of the attorney-client privilege by disclosure of privileged communications to third persons with 'a community of interest.'" *Pittston*, 143 F.R.D. at 69; *see*

4

*also Cutting the Fishing Trip Short: Protecting an Adjuster's Claims File*, S.C. Lawyer, JULY/AUGUST 2000, at 33-34.

Furthermore, in addition to material in the "claims file" or other documents related to coverage that are privileged, the work-product doctrine protects against disclosure of documents that were prepared in anticipation of litigation by or for a party, or by or for a party's representative, including a party's insurance company. For instance, a sister court under the Fourth Circuit Court of Appeals has found that, where communications consist of information passing from the underlying defendants, either directly or indirectly, to a defendant's claims handlers, for the purpose of coordinating the legal response to the underlying litigation, they are protected by the attorney-client privilege. Additionally, where these communications can also be characterized as the work product of the underlying defendants' attorneys because they summarize the attorneys' factual investigations, outline the attorneys' legal strategies, and summarize various depositions and in-court proceedings to the claims handlers, they are likewise protected from disclosure. *Smith v. Scottsdale Ins. Co.,* 40 F. Supp. 3d 704, 726 (N.D.W. Va. 2014), *aff'd,* 2014 WL 4199207 (N.D.W. Va. Aug. 22, 2014), and *aff'd,* 621 F. App'x 743 (4th Cir. 2015).

### III. PLAINTIFFS' THREATENED REFUSAL TO PARTICIPATE MEANINGFULLY IN FURTHER MEDIATION IS NOT GROUNDS TO REOPEN DISCOVERY.

The Defendants and the SCIRF are prepared to enter into further good faith mediation with the Plaintiffs, as currently scheduled on March 2, 2017. If Plaintiffs have additional questions regarding coverage prior to (or during) mediation, they should make them known to Defendants as soon as possible, so that Defendants and the SCIRF can address them as soon as possible.

However, Plaintiffs' willingness – or unwillingness – to engage in further mediation has absolutely no bearing on whether the Court should reopen discovery. If so, there is undoubtedly additional discovery in which the Defendants may want to engage in the name of gaining a "more clear understanding" of issues they believe are important. Such a decision would open up a "Pandora's Box" of additional discovery demands at a time when discovery has long since been closed, and when the case is on the very eve of trial. Under no circumstances should the Court reopen discovery based on one party's refusal to engage in additional mediation.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Conduct Insurance Carrier Discovery should be DENIED.

Dated this the 15th day of February, 2017.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

/s/ Eugene H. Matthews
Eugene H. Matthews, ID # 7141
C. Cliff Rollins, ID # 9609
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
Email: gmatthews@RichardsonPlowden.com
Email: crollins@RichardsonPlowden.com

**COUNSEL FOR DEFENDANT SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY**