# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome C. Newkirk, Sr., | ) | Civil Action No. 2:13-cv-1634-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James B. Enzor, individually and as an | ) | **MOTION TO STRIKE** |
| Officer of the South Carolina Highway | ) | **SCDPS'S MOTION IN LIMINE** |
| Patrol, and the South Carolina Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Catherine B. Newkirk, | ) | Civil Action No. 2:13-cv-1635-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James B. Enzor, individually and as an | ) | **MOTION TO STRIKE** |
| Officer of the South Carolina Highway | ) | **SCDPS'S MOTION IN LIMINE** |
| Patrol, and the South Carolina Department | ) | |
| of Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jerome C. Newkirk, Sr. and Plaintiff Catherine B. Newkirk respectfully move the Court to strike Defendant South Carolina Department of Public Safety's (SCDPS's) motion *in limine* to exclude evidence (see Dkt. No. 125[1]) because SCDPS's motion, which turns on the claim that Mr. and Mrs. Newkirk failed to timely supplement Rule 26(a)(1) disclosures, is based on claims the undersigned now understand to be inaccurate.

---

[1] Unless indicated otherwise, all citations are to the docket in C.A. No. 2:13-cv-1634-RMG-KDW. SCDPS's motion appears on the docket in C.A. No. 2:13-cv-1635-RMG-KDW at Dkt. No. 118.

Rule 26(a)(1) of the Federal Rules of Civil Procedure require a party to provide, in relevant part, "a computation of each category of damages claimed by the disclosing party[.]" Fed. R. Civ. P. 26(a)(1)(iii). In this district, the Court routinely authorizes the parties to waive these initial disclosures required by Rule 26(a)(1). For instance, in this case, the Honorable R. Bryan Harwell, District Court Judge, issued a Conference and Scheduling Order requiring initial disclosures be served by July 22, 2013, but providing:

> Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

Dkt. No. 5 at ¶2 & n.5. Mr. and Mrs. Newkirk's undersigned counsel were not retained in this matter until March 13, 2014.

On February 21, 2017, SCDPS filed a motion *in limine* seeking to exclude evidence pursuant to a claim that Mr. and Mrs. Newkirk failed to supplement the disclosures required by Rule 26(a)(1). Notably, SCDPS did not file a copy of the purportedly deficient disclosures, but instead represented:

> Regarding monetary damages, Plaintiffs have failed to disclose "a computation of each category of damages claimed" as required under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Dkt. No. 125 at 1-2. SCDPS argued further:

> In the case at hand, Plaintiffs have utterly failed to fulfill the requirement of Rule 26(a)(1)(A)(iii), and as other Courts have found, Plaintiffs should now be precluded from submitting any evidence of monetary damages beyond nominal damages.
>
> In Plaintiffs Complaint, *Initial 26(a) Disclosures*, and Initial Answers to Interrogatories Plaintiffs identify several categories of alleged injuries for which they seek to recover in this action, but fail to provide any computation of their alleged damages as required by Rule 26(a)(1)(A)(iii).

Id. at 3 (emphasis added). In claiming an entitlement to relief, SCDPS repeatedly complained that Mr. and Mrs. Newkirk failed to comply with obligations to disclosure and supplement information required by Rule 26(a)(1)(A)(iii) and that Rule 37 mandates exclusion as a remedy. See id. at 5-8.

Mr. and Mrs. Newkirk have urged the Court to deny the motion as moot because they "do not intend to present several categories of evidence that appears to motivate SCDPS's concerns here." See Dkt. No. 135 at 2. That response also *filed* Mr. and Mrs. Newkirk's interrogatory responses and explained why those responses were adequate. See Dkt. No. 135-1.

Because the undersigned were unable to locate a copy of *any* party's Rule 26(a)(1) disclosures in their file *or* in the file of Mr. and Mrs. Newkirk's former counsel, they requested a copy of the Newkirk's initial disclosures from SCDPS's counsel. See Email thread C. Kenney to C. Rollins (attached as **Exhibit A**). In response, SCDPS's counsel sent filed copies of Local Civil Rule 26.03 interrogatories—disclosures that do not require or in any way relate to damage computations[2]—with an explanation that "[t]he motion is referring to the 26.03 Disclosures." Id. After explaining Rule 26.03 disclosures do not pertain to damages, the undersigned again requested a copy of the documents on which SCDPS was relying when it filed its motion or, alternatively, that the motion be withdrawn. Id. SCDPS refused. See id. Counsel also requested a copy of SCDPS's Rule 26(a)(1) disclosures, but received no response. See id.

SCDPS's motion *in limine* inaccurately suggests the Newkirk's failed to supplement initial disclosures that do not exist (for any party). When pressed for an explanation, SCDPS now claims

---

[2] Rule 26.03 disclosures merely require (1) a short statement of the facts of the case, (2) names of fact witnesses likely to be called and a summary of their expected testimony, (3) the names and subject matter of expert witnesses (if known), (4) a summary of the claims or defenses with citations to authority, (5) proposed dates for expert disclosure deadlines and the end of discovery, (6) special circumstances that affect scheduling, and (7) and any additional information requested in the pre-scheduling order or requested by the court. See Local Civil Rule 26.03 (D.S.C.).

it was referring the Court to local rule interrogatories that have nothing to do with damages computations. In either case, this motion should be struck from the record.

                                            Respectfully submitted,

                                            s/Christopher P. Kenney
                                            Richard A. Harpootlian (Fed. ID No. 1730)
                                            Christopher P. Kenney (Fed. ID No. 11314)
                                            RICHARD A. HARPOOTLIAN, P.A.
                                            1410 Laurel Street
                                            Post Office Box 1090
                                            Columbia, SC 29202
                                            (803) 252-4848
                                            (803) 252-4810 (f)
                                            rah@harpootlianlaw.com
                                            cpk@harpootlianlaw.com

                                            Joseph M. McCulloch, Jr. (Fed. ID No. 2785)
                                            Law Offices of Joseph M. McCulloch, Jr.
                                            1426 Richland Street
                                            Post Office Box 11623
                                            Columbia, SC 29211
                                            (803) 779-0005
                                            (803) 779-0666 (f)
                                            joe@mccullochlaw.com

February 23, 2017
Columbia, South Carolina.